# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR E. CORTES, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY & STATE EMPLOYEES CREDIT UNION and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 22cv444 DMS (DEB)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

The Court, having considered Plaintiff's Motion for Final Approval of the Class Action Settlement, and all supporting documents thereto (collectively, the "Motion"), and the Settlement Agreement and Release (the "Settlement Agreement"), orders as follows:

1. The defined terms in this order shall have the same meaning given such terms in the Settlement Agreement.

2. The Court finds that the Class, as defined in the Settlement Agreement, meets all the requirements for certification of a settlement class under Federal Rule of Civil Procedure, Rule 23, and applicable case law. Accordingly, the court certifies the following Settlement Class, composed of the following class members:

**Settlement Class**: those members of Defendant who incurred an overdraft fee(s) on an ATM or non-recurring debit card transaction(s) during the period beginning March 17, 2021, and ending on August 18, 2023.

3.   The Court appoints Cesar E. Cortes as the Class Representative of the Settlement Class, and approves a service award to Cortes in the amount of $10,000 for his substantial and pro-active role in the litigation.

4.   The Court appoints Simpluris as the Claims Administrator under the terms of the Settlement Agreement.

5.   For purposes of the Settlement Agreement, the Court finds that counsel for the settlement classes, Richard D. McCune and Emily J. Kirk of McCune Law Group, APC, are qualified, experienced, and skilled attorneys capable of adequately representing the settlement classes, and they are approved as Class Counsel. Further, the Court approves Class Counsel's reasonable attorneys' fees in the amount of one-third of the cash Value of the Settlement ($166,666.00) as well as reasonable costs in the amount of up to $60,000.00.

6.   This certification of the Settlement Class, under this order, is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of Defendant in this action that any other proposed or certified class action is appropriate for class treatment pursuant to the Federal Rules of Civil Procedure or any similar statute, rule, or common law. The entry of this order is without prejudice to Defendant's right to oppose class certification in this action, should the settlement not be approved or not be implemented for any reason, or to terminate the Settlement Agreement, as provided therein.

7.   The Court solely for purposes of this settlement, finds that the members of the Class are so numerous that joinder of all members would be impracticable, that the litigation and proposed settlement raise issues of law and fact common to the claims of the class members, and these common issues predominate over any issues affecting only individual members of the settlement classes, that the claims of Cesar E. Cortes (the

"Named Plaintiff") are typical of the claims of the Settlement Class, that in prosecuting this action and negotiating and entering into the Settlement Agreement, the Named Plaintiff and his counsel have fairly and adequately protected the interests of the members of the Settlement Class and will adequately represent the Settlement Class in connection with the settlement, and that a class action is superior to other methods available for adjudicating the controversy.

8. The Court has reviewed the Settlement Agreement and the attached Notice of Pending Class Action and Proposed Settlement ("Notice") (Exhibits 1 and 2 to the Settlement Agreement) and finds that the settlement memorialized therein is fair and falls within the range of reasonableness and potential for final approval, thereby meeting the requirements for final approval. The settlement appears to be reasonable considering the risk inherent in continuing with litigation. The Court also notes that the settlement is a non-reversionary one where no money will be returned to Defendant. The Court also notes that the settlement was the product of non-collusive, arm's length negotiation involving experienced counsel.

9. The Court finds that the method of providing notice prescribed in the Settlement Agreement meets the requirements of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons entitled thereto, and complies with the requirements of the Constitution of the United States, and all other applicable laws.

10. The Court determines that any residual settlement funds should go to San Diego Financial Literacy Center.

11. The Court hereby approves and adopts the procedures, deadlines, and manner governing all requests to be excluded from the settlement classes, or for objecting to the proposed settlement, as provided for in the Settlement Agreement.

12. All costs incurred in connection with providing notice and settlement administration services to the class members not to exceed $15,000.00 shall be paid from the Settlement Fund.

13. If the settlement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection therewith shall terminate without prejudice to the status quo ante and rights of the parties to the action as they existed prior to the date of the execution of the Settlement Agreement, except as otherwise provided in the Settlement Agreement.

It is so ordered.

Dated: July 8, 2024

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court